# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30696

————————

Matthew Derbes,

*Plaintiff—Appellee*,

*versus*

State of Louisiana, *through Louisiana Attorney General Jeff Landry, Department of Justice*,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-710

_____

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.

Per Curiam:[*]

The State of Louisiana appeals the district court's order remanding the underlying action to state court and awarding $2,312.50 in attorneys' fees and costs to the plaintiff on the basis that Louisiana lacked an objectively reasonable basis for removal. Because the district court did not abuse its discretion, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30696

## I.

Matthew Derbes filed charges of discrimination with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights alleging retaliation by his employer, the Louisiana Attorney General, after he reported several instances of sexual harassment of other employees who had reported it to him.  Several months later, Derbes filed a petition in state court alleging defamation and retaliation/reprisal in violation of Louisiana law after he reported various acts of misconduct.  Louisiana filed a notice of removal to federal court on December 15, 2021, alleging federal question jurisdiction under 28 U.S.C. §§ 1331, 1343.  On December 21, 2021, Derbes filed a motion to remand, which Louisiana opposed.

The district court found that Louisiana did not have an objectively reasonable basis for removal.  The district court also found that Derbes' petition clearly indicated it did not assert a Title VII claim by explicitly reserving the right to later assert one.  Further, the district court said, "[t]he Plaintiff's allegations make clear that plaintiff was only asserting state law claims.  Moreover, the very cases upon which Defendant relies in its opposition to the motion to remand should have informed the Defendant that there was no federal jurisdiction."  Because it determined there was no objectively reasonable basis for removal, the district asserted its discretion to award attorney's fees under 28 U.S.C. § 1447(c).  As a result, the district court adopted the detailed Magistrate Judge's Report and Recommendation, granted the motion to remand, and granted Derbes' request for attorneys' fees and costs of $2,312.50.

## II.

On appeal, Louisiana argues that it was objectively reasonable in its removal of this matter to federal court and should not have to pay attorneys' fees and costs.  We disagree.  After a thorough review of the briefs, the

2

No. 22-30696

pleadings and the applicable law, we conclude that the district court did not abuse its discretion in awarding attorneys' fees and costs of $2,312.50 based on its assessment that Louisiana's removal was objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 544 (5th Cir. 2012). AFFIRMED.